UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL T. USZAK, et al.,** ) | **CASE NO. 1:06CV837** |
| ) | |
| **Plaintiffs,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **YELLOW TRANSPORTATION, etc.,** ) | |
| **et al.,** ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the issues and motions addressed at the Status Conference held on October 26, 2006.  Upon consideration of the arguments presented orally and in the briefs, and upon review of the applicable law, the Court makes the following rulings:

**I.**  Because Plaintiffs have put the physical and mental condition of Michael T. Uszak and Judy C. Uszak at issue in this case, and since, pursuant to R.C. § 2317.02(B)(1)(a)(iii), the physician-patient privilege is waived by the filing of a civil action as to communications historically and causally related to claimed physical and mental injuries, Plaintiffs are ordered to immediately sign and return the medical authorization and releases served upon them by Defendant Yellow Transportation.  This Court notes the authority cited by Plaintiffs in their tardy response to Defendant's Motion to Compel, cited as *Mann v. University of Cincinnati*, 824 F. Supp. 1190 (S.D. 1993), is clearly distinguishable from the instant situation.  In *Mann*, counsel for the University issued subpoenas to its own client seeking production of the plaintiff-student's medical records, without an order of court or the patient's releases.  Here,

Defendant, Yellow Transportation, provided the appropriate releases for Plaintiffs' signatures, and sought a court order after the executed releases were not returned. If Plaintiffs' counsel believed, after consultation with his clients, that certain information was privileged or beyond the scope of relevancy, he should have submitted a motion, rather than refuse to have his clients execute the documents. This Court agrees with the district judge in *Mann*, who opined that the existence of relevancy or privilege is not a unilateral determination for the attorney seeking the discovery, nor for the attorney representing the patient. *Mann, supra* at 1201. It is the Court's province to decide when a colorable privilege claim is asserted – upon consideration of an appropriately-filed motion to quash or motion for protective order. Therefore, the Motion (ECF DKT #47) of Defendant, Yellow Transportation, Inc., to Compel Release of Plaintiff's Medical Records is granted.

**II.** On July 27, 2006, Defendant Yellow Transportation, Inc. filed its Motion (ECF DKT #36) to Dismiss Count Two of the Amended Complaint. In Count Two, Plaintiffs allege Michael Uszak was discharged in violation of public policies, prohibiting retaliation for pursuing a workers' compensation claim and for participating in union activities.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, and is designed to determine "whether a cognizable claim has been pleaded in the complaint." "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F. 3d 356, 360 (6th Cir. 2001) (citations omitted).

It is well-established under Ohio law that in order for an employee to bring a wrongful discharge in violation of public policy claim, the employee must have been an at-will employee. *Haynes v. Zoological Soc. of Cincinnati*, 73 Ohio St. 3d 254, 258.  "As a member of a union, the terms of [the plaintiff's] employment relationship were governed by a collective bargaining agreement.  That agreement specifically limited the power of the [employer] to terminate . . . and as a result, took [the employee] outside the context of employment at will." *Haynes, id.*  Likewise, Plaintiff Michael Uszak states in the Amended Complaint that he was a member of the Teamsters Union covered by a collective bargaining agreement between the parties.  His employment was admittedly not at-will; and he cannot maintain a public policy wrongful discharge action.  Additionally, Ohio law requires a plaintiff to plead his status as an employee-at-will in order to sustain an action for tortious violation of public policy.  *Strausbaugh v. Ohio Dept. of Transportation*, 150 Ohio App. 3d 438, 449 (10th Dist. 2002).  Plaintiff Michael Uszak specifically alleges his union membership and does not allege at-will status.  Therefore, Count Two of the Amended Complaint is dismissed; and the Motion of Yellow Transportation to Dismiss is granted.

**III.**  Previously, this Court struck Plaintiffs' and Defendant Union's requests for leave for additional interrogatories.  Moreover, the Court was advised that Plaintiffs' counsel served notices for sixteen depositions, exceeding the amount allowed under the rules.  Where possible, the parties shall consult and reach an agreement on discovery matters and shall file joint motions for leave to exceed the allowable number of depositions and/or interrogatories.

**IV.**  In light of the events which have transpired, and in view of these rulings, the Settlement Conference of November 9, 2006 is cancelled.  Non-expert discovery is extended

until January 5, 2007 and the new Settlement Conference date is January 10, 2007 at 2:00 p.m. All lead counsel and parties with settlement authority are required to attend.

**V.** Defendants have filed a joint Motion (ECF DKT #18) for Sanctions under Rule 11 of the Federal Rules of Civil Procedure, asserting that Plaintiffs made allegations, and continued to make claims against them, which were not warranted by existing law, or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and which were without evidentiary support or were unlikely to be so supported after reasonable opportunity for discovery. The Motion for Rule 11 Sanctions is granted in part as follows against Sidney N. Freeman, Esq.

The Amended Complaint, filed on July 17, 2006, and for which leave was granted on October 23, 2006, cures the most egregious pleading infirmities, by eliminating from Count I any allegations against the International and any claims in that Count on behalf of the spouse, Judy Uszak. However, it should be noted that the Complaint was originally filed in April, and there was no amendment until after Defendants' Motions to Dismiss and for Sanctions were submitted.

This Court frowns upon the manner in which Plaintiffs' counsel has conducted this case. At the outset, the Complaint was brought against YRC Worldwide, which is not the entity which employed Michael Uszak. Judy Uszak, Michael's wife, was named as a plaintiff in the breach of duty of fair representation claim when she is not a union member and has no standing under existing law. Plaintiffs' counsel engaged in four months of unnecessary, obstructive delay in discovery by refusing to provide medical releases ---- all without pursuing good faith discussions with opposing counsel or raising the problem with the Court

pursuant to the Federal Rules and this Court's Case Management Order.  Further, Plaintiffs' counsel served notice of sixteen depositions, exceeding the ten depositions allowable by rule, without the appropriate consultation with opposing counsel about their schedules, and with insufficient notice.  He served an excess number of interrogatories and asked the Court's leave after the fact.  Plaintiffs' counsel delayed three months before amending to add an individual named Curtis Castle, who was not newly-discovered, and who was the alleged assailant in the altercation which is the subject of the complaint.  Then, Castle's late addition was presented as the rationale for requesting numerous depositions so near the fact discovery deadline.  The opposition (filed October 25, 2006) to Defendant Yellow Transportation's Motion to Compel was filed late and out of rule; thus, depriving Defendants of any time to prepare before appearing in front of the Court on outstanding issues in dispute.

**The Court orders Counsel for Defendants to prepare and file affidavits by November 14, 2006, demonstrating the hours expended, the hourly fees, and the expenses incurred with regard to motions to dismiss; motions to compel; written requests for conferences; and time spent at the Conference before the Court on October 26, 2006.  Plaintiffs' Counsel may file any objection by November 21, 2006.  The Court will then determine the appropriate sanctions to be imposed upon review of the affidavits and written briefs.**

    **IT IS SO ORDERED**.

    **DATE: October 31, 2006**

                                                            s/Christopher A. Boyko
                                                          **CHRISTOPHER A. BOYKO**
                                                          **United States District Judge**