UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL T. USZAK, et al.,** ) | **CASE NO. 1:06CV837** |
| ) | |
| **Plaintiffs,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **vs.** ) | |
| ) | **OPINION AND ORDER** |
| **YELLOW TRANSPORTATION, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #85) of Defendant, Yellow Transportation, Inc. ("Yellow"), to Strike Plaintiffs' Expert Witness Report. For the following reasons, the motion is granted; and the expert report of Jeffrey R. Sherritt, C.P.A. is stricken.

**I. BACKGROUND**

In its Case Management Order, the Court ordered Plaintiffs to disclose all expert reports to Defendants by November 6, 2006. Defendants were required to disclose their expert reports by December 6, 2006. On the designated date, Plaintiffs' counsel faxed to defense counsel a two-page expert report prepared by Jeffrey R. Sherritt, C.P.A. The report

sets forth the expert's assumptions concerning Plaintiff Michael Uszak's lost wages, benefits and projected retirement compensation, as well as his calculations of those economic losses. Defendant Yellow requested additional information, including the expert's curriculum vitae, as required by Fed. R. Civ. P. 26(a)(2)(B). On November 21, 2006, Plaintiffs' counsel transmitted, by fax and regular mail delivery, the professional resume of Jeffrey Sherritt, along with a letter reciting: "I do not believe that he has testified as an expert witness within the past four years, nor has he authored any publications within the past ten years. I will be paying him at his normal hourly rate of $135.00 per hour." On that same date, Yellow filed the instant Motion to Strike, arguing the expert report fails to comply with the mandates of Rule 26(a). By operation of Local Rule 7.1(d), an opposition memorandum was due within fourteen days thereafter, plus three days for regular mail service. To date, no opposition has been filed. In accordance with this Court's Case Management Order, Yellow disclosed its expert report on December 6, 2006.

## II. LAW AND ANALYSIS

**Standard of Review**

**Unopposed motions**

Pursuant to Local Rule 7.1(g), "[t]he Judicial Officer may rule on unopposed motions without hearing at any time after the time for filing an opposition has expired."

**Disclosure of Expert Testimony**

Fed. R. Civ. P. 26(a)(2)(B) provides in pertinent part as follows:

> "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness,

>including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

As initially presented, Plaintiffs' expert report lacked a recitation of the expert's qualifications; supporting data, information and records considered; a listing of publications authored and cases in which the expert provided testimony; and the rate of compensation. Two weeks after Plaintiffs' expert report deadline, Plaintiffs' counsel supplied the expert's curriculum vitae, and stated counsel's beliefs regarding publications, previous testimony and the compensation to be paid. On January 11, 2007, after a Settlement Conference was conducted in this case, Plaintiff Michael Uszak filed his Notice of Supplementation; Response to Expert Witness Report (ECF DKT #130). This document expands on the calculations of lost earnings, health benefits and retirement compensation; and references payroll records, the National Master Freight Agreement between Yellow Transportation and the Union, and truck logs for the year 2004.

Despite the supplementation of Plaintiffs' expert report, the Court is compelled to find Yellow's Motion to Strike has merit. At the outset, the Court notes that Plaintiff never submitted an opposition memorandum, explaining any deficiencies in the report or seeking more time to comply fully with Rule 26(a). Defendant Yellow, in compliance with the Court's Case Management Order and the Civil Rules, was forced to provide its expert report on December 6, 2006. Without the information mandated by Fed. R. Civ. P. 26(a)(2)(B), Yellow's expert could not thoroughly and properly evaluate the damage calculations, nor assess the legitimacy or competency of the data underlying the calculations and the assumptions made by Mr. Sherritt. Plaintiffs' tardy supplementation is not a cure.

### **III. CONCLUSION**

The Court must construe the Rules "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Yellow's Motion to Strike remains unopposed; and the Court must assume, then, that Plaintiff Michael Uszak is conceding its merits. Even if the Court were to believe the deficiencies in the Plaintiffs' expert report were remedied by the Supplementation filed on January 11, 2007, the prejudice to the opposing party already occurred and cannot be undone. Therefore, the Motion of Defendant Yellow Transportation, Inc. to Strike Plaintiffs' Expert Witness Report is granted; and the expert report of Jeffrey R. Sherritt, C.P.A. is stricken.

**IT IS SO ORDERED.**

**DATE: January 18, 2007**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**