UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL T. USZAK,** | ) | **CASE NO. 1:06CV837** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **YELLOW TRANSPORTATION, INC.,** | ) | **ORDER** |
| **et al.,** | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon Plaintiff's Motion (ECF DKT #219) for Leave to File Signed Affidavits of Michael T. Uszak and Doug Davis under Federal Rule of Civil Procedure 56(c). For the following reasons, the Motion for Leave to File Signed Affidavits is denied.

On March 1, 2007, Plaintiff filed a document captioned: Plaintiff's Filing of Additional Evidence in Opposition to Defendants' Summary Judgment Motions (ECF DKT #166). On March 8, 2007, Defendants Yellow and Local 407 filed separate Motions to Strike (ECF DKT ## 169, 170). On April 16, 2007, the Motions to Strike were referred to the Magistrate Judge for ruling. Thereafter, on April 18, 2007, the Motions to Strike were

granted in part; and the request by the Defendants for fees incurred by Plaintiff's inappropriate filing was deferred.

In a well-reasoned Order, the Magistrate Judge held: "there is no provision under the Federal Rules of Civil Procedure or the Court's Local Rules that permit Plaintiff to file additional evidence or a surreply without leave of this Court and a showing of good cause. See Local Rule 7.1(d) - (e)." Plaintiff did not seek leave nor provide any justification for the delayed filing of documents which were "in existence and available to Plaintiff before he filed his memorandum in opposition." Moreover, the affidavits of Plaintiff, Michael T. Uszak and Doug Davis presented "both a new claim and a new theory"; and Plaintiff made no argument that the affidavit evidence was recently discovered. The Court agrees with the assessment of the Magistrate Judge: "This conduct suggests a disturbing lack of respect for the Court, the defendants, and the rules of procedure." Further, addressing these tangential matters has unnecessarily distracted the Court from properly considering the merits and substance of the Plaintiff's Complaint, as well as the pending dispositive motions.

Plaintiff filed his Objection to Magistrate's Order on April 27, 2007. (ECF DKT #188). In their oppositions, Defendants correctly point out that no leave was ever granted for the filing of a surreply; and, even if it were, Plaintiff would be prohibited by the Federal Rules of Civil Procedure from asserting new claims or theories by way of supplementation to a brief. In addition, as Defendants note, while Ohio civil practice may allow affidavits up to the "non-oral hearing date," this case is being litigated under the Federal Rules of Civil Procedure; and the Court and the parties have the right to expect adherence to the federal practice.

-2-

Remarkably, on June 14, 2007, Plaintiff filed the instant Motion for Leave to File Signed Affidavits (ECF DKT #219); and attached the identical documents he attempted to bring before the Court in March and which were stricken by the Magistrate Judge.  The briefing on summary judgment closed three months ago.  At no time has Plaintiff ever provided a rationale, necessity or justification for the tardy assertion of affidavits which were in his possession for some time.  The Magistrate Judge appropriately found that supplementation was not permitted by the rules, and that such conduct was disrespectful of the Court, the parties, and the judicial process. By this most recent filing, Plaintiff again exhibits disdain for the system from which he hopes to obtain relief.

In conclusion, this Court UPHOLDS the Order of the Magistrate Judge striking Plaintiff's additional evidence; DENIES Plaintiff's Objections to that Order; and DENIES Plaintiff's Motion for Leave to File Signed Affidavits of Michael T. Uszak and Doug Davis. The Magistrate Judge shall take this Order into consideration when entering the decision on the pending request of both Defendants for attorneys' fees and expenses, and may recommend to the Court any additional sanctions warranted in the circumstances.

**IT IS SO ORDERED.**

**DATE: June 15, 2007**

   s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**