**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL T. USZAK, *et al.*, | ) | CASE NO:  1:06-cv-00837 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| YELLOW TRANSPORTATION , INC., *et al.,* | ) | NANCY A. VECCHIARELLI |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter comes before the undersigned on an order of referral from Judge Boyko

(Doc. No. 121) for a ruling on the fee applications of Defendants Yellow Transportation

Services, Inc. ("Yellow Transportation") (Doc. No. 79), Truck Drivers Union Local 407 ("the

Union") (Doc. No. 81), and International Brotherhood of Teamsters ("IBT") (Doc. No. 82).  For

the reasons stated below, this Court makes the following recommendations: (1) the fee

application of Yellow Transportation (Doc. No. 79) should be GRANTED IN PART and

DENIED IN PART; (2) the fee application of the Union (Doc. No. 81) should be GRANTED IN

PART and DENIED IN PART; and (3) the fee application of IBT (Doc. No. 82) should be

GRANTED IN PART and DENIED IN PART.

## I.  JUDGE BOYKO'S OPINION AND ORDER

The fee applications were filed pursuant to an Opinion and Order ("Order") issued by

Judge Boyko on October 31, 2006.  (Doc. No. 73.)  As the details of the Order are relevant to an

analysis of the fee applications and this Court's conclusions, the details of the Order are briefly

set forth below.

In the October 31, 2006 Order, Judge Boyko ruled on three motions and addressed discovery issues that were discussed at an October 26, 2006 status conference.  (Doc. No. 73.) He also cancelled a previously scheduled settlement conference.

In Part I of the Order, Judge Boyko granted Yellow Transportation's Motion to Compel Release of Plaintiff's Medical Records (Doc. No. 47).  Yellow Transportation sought an order compelling Plaintiff to provide executed Authorizations to Release Medical Records immediately under Fed. Rule Civ. P. 37(a).  (*Id*. at 5.)  It further sought, pursuant to Fed. R. Civ. P. 37(a)(4), "reasonable attorneys' fees incurred in filing [the motion to compel]."  (*Id*. at 9.) Yellow Transportation asserted that before filing the motion, it made a diligent and good faith effort to resolve the matter without the Court's intervention, but that Plaintiff ignored its multiple attempts to obtain the executed authorizations.  (*Id*. at 8.)

Judge Boyko noted that Plaintiff filed a tardy response to the motion to compel and that the purported legal authority upon which Plaintiff based his refusal to sign the medical releases was not relevant to the facts of the instant case.  He further noted the Court's disapproval of the manner in which Plaintiff's counsel handled the dispute in that counsel simply advised his client not to sign the releases and did not file a motion with the Court.  Plaintiff was "ordered to immediately sign and return the medical authorization and releases."  (Doc. No. 73 at 1.)

In Part II of the Order, Judge Boyko granted Yellow Transportation's Motion to Dismiss Count Two of Amended Complaint (Doc. No. 36).  Count Two of Plaintiff's Amended Complaint (Doc. No. 32) alleged that Plaintiff, Michael Uszak, was wrongfully discharged in violation of public policies.  Judge Boyko granted the motion on the basis of well-established

Ohio law holding that wrongful discharge in violation of public policy claims may be brought by at-will employees only.  As Plaintiff's complaint specifically alleges union membership and does not allege at-will employee status, Judge Boyko dismissed the public policy claim.

Part III of the Order briefly deals with discovery issues, specifically, Plaintiff's previously stricken requests for leave for additional interrogatories and Plaintiff's service of notices for sixteen depositions.  Judge Boyko ordered the parties to "consult and reach an agreement on discovery matters and [to] file joint motions for leave to exceed the allowable number of depositions and/or interrogatories."  (Doc. No. 73 at 3.)

In Part IV of the Order, Judge Boyko cancelled a settlement conference that was scheduled for November 9, 2006.

Lastly, in Part V of the Order, Judge Boyko granted in part a motion for sanctions captioned "Defendants' Motion and Notice of Motion to Plaintiffs For Sanctions Under Rule 11." (Doc. No. 18).  The motion for sanctions was filed jointly by the Union and IBT.  *Yellow Transportation did not file a motion for sanctions*.  The motion filed by the Union and IBT sought sanctions against attorney Sidney N. Freeman and the law firm of Sidney N. Freeman Co., L.P.A.; attorney Robert McNamara and the law firm of McNamara, Demcyk & DeHaven Co., L.P.A.; and Plaintiffs Michael T. Uszak and Judy C. Uszak for violating Fed. R. Civ. P. 11(b).  (Doc. No. 18 at 2.)  The motion complained of the following conduct of Plaintiff and Plaintiff's counsel: (1) naming Judy Uszak, the spouse of a union member, as a Plaintiff in a duty of fair representation claim without any basis in fact or law for doing so and (2) naming IBT as a defendant to the duty of fair representation claim without any basis in fact or law for doing so.  (*Id*. at 8-10.)

-3-

Judge Boyko granted the motion for Rule 11 sanctions only against attorney Sidney N. Freeman. (Doc. No. 73 at 4.) The Order specifically sets forth the offending conduct for which sanctions were imposed under Rule 11. (*Id*. at 4-5.) Judge Boyko found "the most egregious pleading infirmities" were (1) the allegations against the IBT and (2) the claims in Count I on behalf of the employee's spouse, Judy Uszak. (*Id*. at 4.) He noted that although those infirmities were cured by the Amended Complaint, Plaintiff did not seek leave to amend the complaint until after the motions to dismiss and motion for sanctions were filed. Judge Boyko further cited the following conduct of Plaintiff's counsel: (1) the complaint was brought against YRC Worldwide, which was not the entity that employed Mr. Uszak; (2) counsel engaged in four months of unnecessary obstructive delay in discovery by refusing to provide medical releases; (3) counsel served sixteen notices of deposition without sufficient notice and without consultation with opposing counsel about their schedules; (4) counsel served an excessive number of interrogatories and asked for leave after the fact; (5) counsel delayed three months before amending the complaint to add a defendant who was not newly discovered; and (6) counsel filed an opposition to Yellow Transportation's motion to compel late and out of rule. (*Id*. at 4-5.) After setting forth the offending conduct, Judge Boyko issued the following order:

> **The Court orders Counsel for Defendants to prepare and file affidavits by November 14, 2006, demonstrating the hours expended, the hourly fees, and the expenses incurred with regard to motions to dismiss; motions to compel; written requests for conferences; and time spent at the Conference before the Court on October 26, 2006. Plaintiff's Counsel may file any objection by November 21, 2006. The Court will then determine the appropriate sanctions to be imposed upon review of the affidavits and written briefs.**

(*Id*. at 5.)

All defendants, including Yellow Transportation, timely filed fee applications (Doc. Nos.

79, 81, 82); and Plaintiff filed a memorandum in opposition (Doc. Nos. 87, 88).  On December 22, 2006, Judge Boyko referred the matter to the Magistrate Judge for a ruling on the defendants' fee applications.  (Doc. No. 121.)

The Magistrate Judge held a conference on May 9, 2007 to determine if the parties could settle as to a reasonable amount of attorneys' fees.  As no settlement was reached, the Magistrate Judge set discovery deadlines and scheduled an evidentiary hearing.  (Doc. No. 200.)  On June 6, 2007, an evidentiary hearing was held to determine the reasonableness of the attorneys' fees sought by the defendants' fee applications.

### II.  STANDARD FOR AWARDING ATTORNEYS' FEES AS SANCTIONS

Judge Boyko's Order granted sanctions against attorney Sidney N. Freeman under Rule 11.  In addition, the Order granted Yellow Transportation's motion to compel, which requested an award of reasonable attorneys' fees pursuant to Rule 37(a)(4).  Pursuant to the order of referral, the only task before this Court is to rule on the fee applications.[1]  Before reviewing the fee applications, this Court sets forth the principles relevant to its analysis under Rule 11 and Rule 37.

### A.  Attorneys' Fees as Sanctions Pursuant to Rule 11

Rule 11 provides, in relevant part, as follows:

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that [Rule 11] has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law

---

[1]The Magistrate Judge declines to consider, and, indeed, lacks the authority to consider the arguments of counsel challenging the merits of Judge Boyko's Order.  The parties were free to argue the appropriate interpretation of Judge Boyko's Order, but failed to present any meaningful analysis.

firms, or parties that have violated [Rule 11] or are responsible for the violation.

. . . .

> **(2) Nature of Sanction; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
>
> > **(A)** Monetary sanctions may not be awarded against a represented party for a violation of [Rule 11].
> >
> > **(B)** Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.
>
> **(3) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

**(d) Inapplicability to Discovery.** Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

Fed. R. Civ. P. 11(c)-(d).

Once a district court has determined that an attorney has violated Rule 11, the court has considerable discretion in determining the appropriate sanction. *Jackson v. Law Firm*, 875 F.2d 1224, 1229 (6th Cir. 1989).  However, Rule 11 imposes limitations on that discretion.  Any sanction imposed must be "appropriate."  Fed. R. Civ. P. 11(c).  The discretion to impose sanctions in the form of attorneys' fees is further limited, as Rule 11 provides that "any order directing payment to the movant of some or all of the reasonable attorneys' fees and other

-6-

expenses incurred as a direct result of the violation" must be imposed on motion and warranted for effective deterrence. Fed. R. Civ. P. 11(c)(2)(B).

Based on the limitations expressed in Rule 11, the Sixth Circuit has set forth several factors or principles that a court must consider when determining appropriate sanctions under Rule 11. *Jackson*, 875 F.2d at 1229-30.[2]  First, the two goals of Rule 11 are deterrence and compensation. Of the two, deterrence is the primary goal. *Id*. at 1229. Second, "because deterrence, not compensation is the principal goal, courts should impose *the least severe sanction that is likely to deter*." *Id*. (emphasis added.)  Third, a party who seeks attorneys' fees as sanctions under Rule 11 must mitigate damages. The party should act promptly and "avoid unnecessary expenses in responding to papers that violate Rule 11." *Id*. at 1230.  Finally, the court must consider "an attorney's ability to pay a monetary sanction." *Id*.

A further limitation on Rule 11 sanctions is set forth in subsection (d). Rule 11 sanctions may not be imposed for conduct related to discovery that is subject to the provisions of Rule 26 through Rule 37. Fed. R. Civ. P. 11(d).  As discussed in the following section, Rule 37 sets forth a number of provisions regarding sanctions for discovery-related conduct.

**B.  Attorneys' Fees as Sanctions Pursuant to Rule 37**

Rule 37 provides, in relevant part, as follows:

**(a) Motion for Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . .

. . . .

---

[2]Although *Jackson* states the controlling law in the Sixth Circuit, none of the parties have cited it.

**(4) Expenses and Sanctions.**

> **(A)** If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. Rule Civ. P. 37(a)(4)(A).

The above quoted provisions make clear that when a motion to compel is granted, the court *shall*, after affording an opportunity to be heard, require the offending party or attorney to pay reasonable expenses incurred in filing the motion, including reasonable attorneys fees *unless* the court finds that circumstances exist that make an award of expenses unjust.

## III.  ANALYSIS

### A.  This Court's Interpretation of Judge Boyko's October 31, 2006 Order

The order of referral to the Magistrate Judge is limited to a determination and ruling only on the issue of the proper amount of attorneys' fees that should be awarded as sanctions, not whether sanctions should be imposed.[3]  Judge Boyko has granted the Union and IBT's motion for sanctions.  Mr. Freeman staunchly asserts that sanctions may not be imposed under Rule 11 because the Union and IBT have not complied with the Rule 11 safe harbor provision.  However,

---

[3]The order of referral states that the case is referred to the Magistrate Judge for a ruling on Document Numbers 79, 81, and 82, the fee applications of the three defendants.  (Doc. No. 121.)

given the October 31st Order and the order of referral, the Magistrate Judge does not have the authority to consider the issue raised by Mr. Freeman.  Judge Boyko has ordered sanctions, and the matter has been referred to the Magistrate Judge solely for a ruling on the fee applications.

Mr. Freeman further argues that because Yellow Transportation has not filed a motion for sanctions, it may not be awarded attorneys' fees under Judge Boyko's Rule 11 sanctions order. The Magistrate Judge agrees and interprets Judge Boyko's Order accordingly.  Yellow Transportation is not entitled to attorneys fees under Rule 11.[4]  However, Yellow Transportation did file a Rule 37 motion to compel in which it requested the reasonable attorneys' fees it incurred in making the motion.  As that motion was granted, Yellow Transportation is entitled to reasonable attorneys' fees under the provisions of Rule 37.

Finally, as the parties disagree as to the specific work for which Judge Boyko intended to award attorneys' fees, the following three subsections set forth the specific attorney work for which fees may be reimbursed, either under Rule 11 or Rule 37, and in light of Judge Boyko's Order.

### 1.  Fees Incurred as a Result of Improper Pleadings and Papers

First, Judge Boyko found a number of pleading and filing related conduct sanctionable. Judge Boyko found the "most egregious pleading infirmities" were Mr. Freeman having named Judy Uszak as a Plaintiff and IBT as a defendant.  Therefore, fees incurred as a result of those

---

[4]Yellow Transportation argues that the Court may order sanctions on its own initiative.  However, Rule 11 provides that attorneys' fees, unlike other monetary sanctions, may be awarded as sanctions only "if imposed on motion."  Rule 11(c)(2).  Moreover, under Rule 11, a court may award sanctions on its own initiative only after "directing an attorney . . . to show cause why it has not violated [Rule 11]."  There appears to have been no show cause order issued.

pleading infirmities will be considered.  Judge Boyko also cited the naming of YRC Worldwide as a Plaintiff and the three-month delay in amending the complaint to name a defendant, Curtis Castle, who was not newly discovered.  Any fees related to those issues will also be considered.

As Judge Boyko specifically ordered Defendants to prepare fee applications with regard to motions to dismiss, the time incurred in drafting and filing those motions will be considered, but only to the extent that the motions dealt with the pleading infirmities and conduct specified in the Order.  For example, as Judge Boyko did not identify Plaintiff's public policy claim as a basis for sanctions, fees incurred in relation to arguments for dismissal of the public policy claim are not reimbursable.  The public policy claim is not mentioned in the portion of the Order dealing with sanctions.  Although Part II of the Order is devoted to the motion to dismiss the public policy claim, nowhere in that section did Judge Boyko indicate that the filing of the claim was sanctionable conduct.

**2.  Fees Incurred as a Result of Discovery Related Conduct**

Second, Judge Boyko cited a number of Mr. Freeman's actions related to discovery issues.  In Part V of the Order, Judge Boyko noted that Mr. Freeman engaged in four months of unnecessary delay in refusing to sign the medical releases.  Moreover, Judge Boyko granted the motion to compel that requested attorneys' fees and specifically ordered the defendants to file fee applications demonstrating fees incurred with regard to the motion to compel.  Those fees will be considered under Rule 37.

The Order further specifies displeasure with Mr. Freeman's improper service of an excess number of interrogatories without first asking for leave and of sixteen notices of deposition. However, this conduct is not sanctionable under Rule 11, nor does it appear sanctionable under

-10-

the provisions of Rule 37 cited in Yellow Transportation's motion to compel.[5]  The Magistrate

Judge, therefore, interprets Judge Boyko's Order as citing this conduct as unwarranted and

offensive conduct, but not sanctionable conduct under Rule 37.

### 3.  Fees Related to Requests For Conferences and Attendance at Conference

Finally, Judge Boyko ordered the defendants to demonstrate fees incurred regarding

written requests for conferences and time spent at the October 26, 2006 conference.  Fees for

these hours will be considered.

### B.  Defendants' Fee Applications

At the beginning of the evidentiary hearing held on June 6, 2006, counsel for Mr.

Freeman stipulated that the hourly rates charged by all attorneys listed on the three fee

applications are reasonable.[6]

The following subsections set forth the hours and fees sought by the defendants'

respective fee applications.  They further set forth the hours and fees that this Court finds are

both reasonable and related to the matters in Judge Boyko's Order discussed above.

In addition to the defendants' original fee applications, the defendants have submitted

---

[5]Yellow Transportation's motion to compel is based on Rule 37(a), which provides for
sanctions in the form of expenses incurred in making a motion to compel as a result of a
party's failure to make a disclosure or provide discovery.  Rule 37 further provides for
sanctions  in the form of reasonable attorneys' fees for four other types of misconduct:
(1) failure to comply with an order; (2) failure to disclose information, false or
misleading disclosures, or refusal to admit; (3) failure to attend a party's own deposition
or to serve answers to interrogatories or respond to a request for inspection; and (4)
failure to participate in framing a discovery plan. Fed. R. Civ. P. 37(b),(c),(d),(g).

[6]Counsel for Mr. Freeman objected to the rate of $140.00 charged for the work of a law
student working for Yellow Transportation's counsel for the summer.

supplemental fee applications setting forth additional fees incurred in litigating the sanctions issue since the last entries on their original fee applications.   At the evidentiary hearing, the defendants were ordered to submit their additional bills to counsel for Mr. Freeman within seven days after the hearing.  No later than fourteen days thereafter, the parties were ordered to submit to this Court a document indicating the agreed fees and disputed fees, if any.  Each defendant filed a supplemental fee application and a notice indicating that Mr. Freeman has not objected to the fees set forth in its respective supplemental fee application.  (Docs. No. 224, 225.)

After determining the reasonable fees, this Court will then discuss what portion of those reasonable fees should be awarded as sanctions against Mr. Freeman pursuant to the relevant provisions of Rule 11 and Sixth Circuit case law.

### 1.  Fee Application of Yellow Transportation (Doc. No. 79)

Yellow Transportation's attempt to collect the attorneys' fees set forth in its fee application is unwarranted and overbroad.  The fee application is based on an unreasonable interpretation of Judge Boyko's Order.  Because Yellow Transportation did not file a motion for Rule 11 sanctions, there is no basis in law for awarding the vast majority of fees requested in its fee application and Judge Boyko's Order cannot reasonably be interpreted to have intended such an award.  Further, it appears that Yellow Transportation treats the issue of sanctions as if it is entitled to attorneys' fees under a fee shifting statute.

The greater portion of Yellow Transportation's fee application – the portion beginning with the entry on May 15, 2006 and ending with the latter of the two entries on August 22, 2006 –sets forth the time billed for work related to Yellow Transportation's two motions to dismiss. (Doc. No. 79 at 2-3.)  There is no legal basis under which Yellow Transportation may recover

any attorneys' fees related to the motions to dismiss.  As discussed above, Yellow Transportation is not entitled to these fees under Rule 11.[7]  Because these fees clearly were not incurred in making the motion to compel, it is not entitled to these fees under Rule 37.  Yellow Transportation has presented no other argument as to why it is entitled to collect these fees. Therefore, it may not recover these fees.

As this Court reads Judge Boyko's Order as having granted Yellow Transportation reasonable attorneys' fees incurred in making the motion to compel, pursuant to Rule 37, Yellow Transportation may recover only the reasonable attorneys' fees incurred in making the motion to compel.  This Court must examine Yellow Transportation's fee application to determine what fees were reasonably incurred in making the motion to compel.  Prior to examining the relevant portions of the fee application, this Court summarizes the relevant portions of Rule 37.

Under Rule 37, subject to three exceptions, when a court grants a motion to compel discovery, "the court *shall*, after affording an opportunity to be heard, require the . . . attorney advising such conduct . . . to pay to the moving party the *reasonable expenses incurred in making the motion, including attorneys' fees*."  Fed. Rule Civ. P. 37(a)(4)(A) (emphasis added). The court should not require the attorney to pay attorneys' fees if: (1) the party filing the motion to compel failed to first make a good faith effort to obtain the discovery without court action; (2) the opposing party's nondisclosure was substantially justified; or (3) "other circumstances make an award of expenses unjust."  *Id.*  In addition, Rule 37 requires that any award of fees incurred

---

[7]Even were the Court to find that Yellow Transportation was entitled to attorneys' fees under Rule 11, Mr. Tersigni testified that the second motion to dismiss and 90% of the first motion to dismiss were related to Plaintiff's public policy claim.  Although Judge Boyko dismissed the public policy claim, the Order did not identify the public policy claim as a basis for the imposition of sanctions.

in making the motion to compel be reasonable.  *Id.*

Most of Yellow Transportation's fees relate to the motions to dismiss.  Although the remainder of the entries in Yellow Transportation's fee application – beginning with the entry on August 25, 2006 and ending with the final entry – appear to be related in some way to discovery issues, the majority of these fees may not be recovered.  Again, Rule 37 allows only the award of reasonable expenses, including attorneys' fees, "incurred in making the motion [to compel.]" Fed. R. Civ. P. 37(a)(4)(A).  Many of the entries are problematic for a number of reasons.

First, much of the work described in the fee application consisted of preliminary discovery work such as counsels' good faith efforts to resolve the discovery dispute prior to filing the motion to compel.  For example, the description of the .20 hours of work billed on August 25, 2006 reads, "Draft correspondence to Plaintiff's counsel regarding discovery."  (Doc. No. 80 at 3.)  Yellow Transportation is not entitled to fees for counsels' preliminary discovery-related work including good faith attempts at resolving a discovery dispute such as correspondence with opposing counsel or efforts to resolve the discovery issue informally. "Fees incurred in making the motion to compel" encompasses fees for researching, drafting, revising, and filing the motion to compel, as well as time spent reviewing and replying to opposing counsel's response and time spent at conferences and hearings held as a result of the motion to compel.  It does not encompass all work that relates to the discovery dispute on which the motion to compel was based.

Another problem with the fee application is that the descriptions in many entries describe both fees incurred in making the motion to compel and fees incurred for matters other than preparing the motion to compel.  For example, the description of the 1 hour of work billed on

-14-

September 7, 2006 reads, "Review of authorities regarding whether Plaintiff can assert medical privilege while seeking emotional distress damages.  Revision of correspondence to Plaintiff's counsel demanding signed medical releases."  (*Id*.)  While the fees associated with the review of authorities may reasonably be interpreted as having been "incurred in making the motion to compel," the revision of correspondence to counsel for Plaintiff may not be so interpreted.  The problem with such mixed entries is that this Court cannot discern, and cannot speculate as to, the portion of the fees incurred in making the motion to compel.  For this reason, this Court will not award Yellow Transportation reimbursement for any fees listed in such mixed entries.

A third problem is that many of the entries do not describe the work performed with sufficient specificity so as to enable the Court to determine whether the fees "were incurred in making the motion to compel."  For example, many entries, such as the entry for October 16, 2006, provide the following description of the work for which fees were billed:  "Review discovery issues."  Because the Court cannot determine whether the fees incurred for such work were incurred in making the motion to compel, Yellow Transportation is not entitled to any of the fees associated with these entries.

The following table sets forth, in part, the billed hours in Mr. Tersigni's affidavit for which Yellow Transportation seeks reimbursement.  The last column states the portion of those hours this Court finds were reasonably incurred in making the motion to compel.  Where this Court has determined that Yellow Transportation may not recover any fees for a given entry, the reason is stated in italicized font in the "Description" column.  For the sake of efficiency, because Yellow Transportation is not entitled to any fees for the motions to dismiss, the entries in its fee application from May 15, 2006 through the latter entry for August 22, 2006 are not

-15-

included below.  Although the majority of entries that are included represent fees that Yellow

Transportation may not recover for the reasons discussed above, they are included for the sake of

clarity.

| Date | Description | Timekeeper | Time Billed | Reasonable Time |
|---|---|---|---|---|
| 8/25/06 | Draft correspondence to Plaintiff's counsel regarding discovery.<br>*not incurred in making the motion to compel* | V. Tersigni | 0.20 | 0 |
| 9/06/06 | Preparation of correspondence to Plaintiff's counsel regarding discovery issues.<br>*not incurred in making the motion to compel* | V. Tersigni | 0.20 | 0 |
| 9/07/06 | Review of authorities regarding whether Plaintiff can assert medical privilege while seeking emotion distress damages.  Revision of correspondence to Plaintiff's counsel demanding signed medical releases.<br>*mixed and not incurred in making the motion to compel* | A. Manfull | 1.00 | 0 |
| 9/19/06 | Review and revision of motion to compel.  Office conference with Ms. Manfull.  Review of discovery documents. | V. Tersigni | 0.80 | .80 |
| 9/19/06 | Draft of motion to compel release of Plaintiff's medical records.  Draft of supporting affidavit. | A. Manfull | 3.80 | 3.80 |
| 9/20/06 | Final review, revision, and filing of motion to compel. | V. Tersigni | 0.40 | .40 |
| 10/5/06 | Contact Court regarding Motion to Compel and Plaintiff's lack of response. | A. Manfull | 0.10 | .10 |
| 10/6/06 | Prepare motion for status conference. | A. Manfull | 0.20 | .20 |
| 10/10/06 | Office conference with Ms. Manfull.  Review and revise motion for status conference or hearing.  Review discovery issues.<br>*mixed and not sufficiently specific* | V. Tersigni | 0.30 | 0 |
| 10/10/06 | Review court docket and recent pleadings.  Draft motion for status conference regarding outstanding discovery issues.  Review discovery issues.<br>*mixed and not sufficiently specific* | A. Manfull | 0.90 | 0 |

-16-

| 10/16/06 | Review of letter from counsel for Plaintiffs.  Review discovery issues.<br>*not sufficiently specific and not incurred in making the motion to compel* | V. Tersigni | 0.20 | 0 |
|---|---|---|---|---|
| 10/20/06 | Review of letter from Plaintiffs' counsel.  Review of notices of depositions.  Draft letter to Plaintiffs' counsel. Review of medical releases.  Review of discovery issues.<br>*not incurred in making the motion to compel and not sufficiently specific* | V. Tersigni | 0.50 | 0 |
| 10/23/06 | Address discovery issues.  Review documents produced.  Review of court order on motions and discovery issues.  Draft letter to Plaintiffs' counsel. Draft memo to Plaintiffs' counsel regarding discovery issues.<br>*not incurred in making the motion to compel and not sufficiently specific* | V. Tersigni | 1.10 | 0 |
| 10/24/06 | Review discovery pleading, Court's Order, and correspondence from Plaintiffs' counsel regarding depositions.<br>*not incurred in making the motion to compel* | A. Manfull | 0.20 | 0 |
| 10/25/06 | Draft letter to Plaintiffs' counsel.  Review discovery issues.  Prepare for status conference.<br>*not sufficiently specific, mixed, and not incurred in making the motion to compel* | V. Tersigni | 1.10 | 0 |
| 10/26/06 | Prepare for and attend status conference in Judge Boyko's chambers.  Draft memos to Ms. Toth. Review of new court filings.  Draft letter to Plaintiffs' counsel.<br>*mixed* | V. Tersigni | 2.40 | 0 |
| 10/26/06 | Review of Plaintiffs' opposition to motion to compel and cited authorities.  Review court's decision on status issues.  Follow up on medical records issue.<br>*mixed* | A. Manfull | 0.70 | 0 |
| 10/27/06 | Telephone conference with counsel for Plaintiffs. Draft letter to Plaintiffs' counsel.  Address medical release issues.<br>*not sufficiently specific and mixed* | V. Tersigni | 0.30 | 0 |
| 11/07/06 | Prepare fee application.<br>*mixed* | V. Tersigni | 1.50 | 0 |
| 11/09/06 | Final drafting of fee application.<br>*mixed* | V. Tersigni | 0.80 | 0 |

**Summary of Reasonable Fees**

| Timekeeper | Rate | Hours | Amount |
|---|---|---|---|
| Vincent J. Tersigni | 330.00 | 1.2 | $396.00 |
| Ashley M. Manfull | 245.00 | 4.1 | $1,004.50 |
| Total | | 5.3 | $1,400.50 |

Yellow Transportation incurred attorneys' fees for a total of 5.3 hours of work on the motion to compel. Yellow Transportation should be awarded attorneys' fees for 3.8 hours of work performed by Ashley Manfull on September 19, 2006, .80 hours of work performed by Vincent Tersigni on September 19, 2006, .40 hours of work performed by Vincent Tersigni on September 20, 2006, .10 hours of work performed by Ms. Manfull on October 5, 2006, and .20 hours of work performed by Ms. Manfull on October 6, 2006. **Based on the fee application, Yellow Transportation reasonably incurred $1,400.50 in making the motion to compel.**

In addition to the above fees, Yellow Transportation incurred further fees in the course of litigating the sanctions issue. The supplemental fee application (Doc. No. 225) indicates that Yellow Transportation incurred an additional $12,960.50. The majority of these fees are not reimbursable.

First, Yellow Transportation may not collect attorneys' fees incurred as a result of counsels' choice to file unnecessary papers. For this reason, and as discussed both at the evidentiary hearing and in an Order issued by this Court on June 29, 2007 (Doc. No. 226), Yellow Transportation may not collect fees for drafting a response to Mr. Freeman's objection to this Court's Report and Recommendation on the defendants' motions to strike Plaintiff's improperly filed surreply or the motion to quash the *subpeona duces tecum*.

The majority of time spent by counsel for Yellow Transportation in preparing for the

-18-

conference before the Magistrate Judge and the evidentiary hearing was due to counsels' overbroad interpretation of Judge Boyko's Order.  As discussed above, Yellow Transportation treated Judge Boyko's Order directing it to file a fee application as if it granted attorneys' fees under a fee shifting statute.  No portion of Yellow Transportation's findings of fact and conclusions of law, submitted for the evidentiary hearing, set forth its interpretation of Judge Boyko's Order or the relevant law.  Yellow Transportation simply assumed it was entitled to all attorneys' fees under Rule 11, but even then, it failed to cite the relevant standard under Rule 11 and treated the matter as if it was entitled to all reasonable fees incurred in this litigation.

Despite Yellow Transportation's itemized supplemental fee application, this Court cannot discern the amount of preparation time actually devoted to matters related to Rule 37 sanctions, the only legal basis for its award of attorneys' fees.  The bulk of the testimony and evidence at the hearing related to fees incurred for filing the motions to dismiss the public policy claim.  This Court cannot simply guess or speculate as to the amount of time spent on preparation that related to Rule 37 sanctions issues.  Therefore, Yellow Transportation may recover no fees for its preparation time.

Yellow Transportation may collect fees for Ms. Manfull's attendance at the settlement conference on May 9, 2007.  Yellow Transportation was billed for 4.6 hours of Ms. Manfull's time attending the settlement conference.

Yellow Transportation also seeks reimbursement for time spent at the evidentiary hearing.  Yellow Transportation may recover fees for only 3 hours of the time that Ms. Manfull spent at the evidentiary hearing.  Yellow Transportation's overbroad interpretation of Judge Boyko's Order needlessly prolonged the hearing, which lasted approximately 7 hours.  But for

-19-

Yellow Transportation's unreasonable interpretation and approach, in this Court's opinion, and based on the testimony received and arguments made, the hearing would not have exceeded 3 hours.  Although Mr. Tersigni also attended the hearing, Yellow Transportation may recover fees only for the time billed by Ms. Manfull because Mr. Tersigni's role at the hearing was primarily that of a witness giving testimony in support of Yellow Transportation's fee application.  There is no reason Plaintiff's counsel should reimburse Yellow Transportation for the attendance of two lawyers at the hearing.

The only fees set forth in the supplemental fee application that Yellow Transportation may collect are the fees charged for the 4.6 hours incurred by Ms. Manfull's attendance at the settlement conference on May 9, 2007 and the 3 hours incurred by her attendance at the evidentiary hearing on June 6, 2007.  **Yellow Transportation reasonably incurred a total of $2,014.00 in litigating the sanctions issue.**

Yellow Transportation incurred $1,400.50 in making the motion to compel and $2,014.00 in litigating the sanctions and attorneys' fees issue.  It is entitled to the total of these sums.  **Accordingly, Yellow Transportation should be awarded  $3,414.50 in attorneys' fees as sanctions against Mr. Freeman.**

### 2.  Fee Application of the Union (Doc. No. 81)

The Union seeks attorneys' fees incurred as a result of the Rule 11 violations listed in Judge Boyko's Order.  It is difficult to determine the reasonableness of the fees sought by the Union because the itemization in the fees summary set forth in Mr. Faulkner's declaration is, in some instances, not sufficiently specific.  (Doc. No. 81 at 13-14.)  Many of the entries contain descriptions of work directly related to the matters enumerated in Judge Boyko's Order as well

-20-

as work not directly related to those matters.  In asserting a claim for attorneys' fees, it is the

Union's burden to itemize its bills with specificity.  Plaintiff's counsel cannot be made to bear

costs for the hours not sufficiently itemized.[8]  This Court cannot accept guesses as to how much

time counsel devoted to the relevant tasks.  However, to the extent that Mr. Petroff or Mr.

Faulkner testified to the specific number of hours spent on the work related to a Rule 11

violation discussed in Judge Boyko's Order, those hours are included in the amount of fees this

Court finds reasonable.[9]

| Date | Description | Timekeeper | Time Billed | Reasonable Time |
|------|-------------|------------|-------------|-----------------|
| 4/17/06 | Legal research; review of 10 cases; draft memorandum on Rule 11, NLRB dismissal | DJP | 2.50 (-.25) | 2.25 |
| 4/18/06 | Obtain Rule 11 case for GHF; review letter; obtain copy of Schoonover case for GHF | DJP | 1.50 | 1.50 |
| 5/2/06 | Discuss facts of case with DJP | GHF | .50 | .50 |
| 6/6/06 | Draft Answer and Motion for Rule 11 Sanction *mixed* | DJP | 3.50 | 0 |
| 6/7/06 | Prepare for and attend lawyer's planning conference with S. Freeman, V. Tersigni & DJP; discuss proper parties and dates; review and revise Notice and Motion for Sanctions and Answer *mixed* | GHF | 1.25 | 0 |
| 6/7/06 | Prepare for and attending planning meeting with GHF; draft Motion for Sanctions; review letter from GHF to client; legal research; email to IBT; file IBT and Local 407 Answers | DJP | 3.25 (-.50) | 2.75 |

---

[8]These entries, for which the Union may not recover fees, are identified in the "Description" column with the word "mixed" in italicized font.

[9]Some entries in the "Time Billed" column contain a number in parentheses.  This number represents the amount of time subtracted from the hours stated in the affidavit based on testimony by counsel that such time was devoted to work not incurred as a result of the Rule 11 violations.

| 6/7/06 | Revise Answer and Motion for Sanctions; prepare CMC | DJP | .50 | .50 |
|--------|------|-----|-----|-----|
| 6/8/06 | Meet with DJP; review and revise Notice and Motion for Sanctions; revise memo to client; review Castle criminal filing | GHF | .75 | .75 |
| 6/8/06 | Review memo of GHF; meet with GHF; file Motion for Sanctions *mixed* | DJP | .75 | 0 |
| 6/14/06 | Review Yellow Transportation Motion to Dismiss and Answer; review planning meeting report; fax to client *mixed* | DJP | .75 | 0 |
| 7/5/06 | Research sanctions Motion to Opposition; review 5 cases | DJP | 1.25 | 1.25 |
| 7/6/06 | Draft memorandum in opposition; research sanctions issue | DJP | 1.25 | 1.25 |
| 7/7/06 | Draft Motion to Dismiss; research case cited by Plaintiff; tel. conf. W/ V. Tersigni and GHF | DJP | 1.50 | 1.50 |
| 8/3/06 | Review Answer; review Motion to Dismiss; ; research and review 5 cases on affirmative defense/assault | DJP | 1.00 | 1.00 |
| 8/17/06 | Review Plaintiff's pleadings and motions | DJP | .50 | .50 |
| 10/18/06 | Review filings; tel. conf. w/ opposing counsel; research civil rule on deposition | DJP | 1.25 | 1.25 |
| 10/24/06 | Review file; meet with GHF; tel.conf. w/ V. Tersigni; meet at Local w/ F. Burdell; ; review discovery rules; review letters of V. Tersigni | DJP | 2.00 | 2.00 |
| 10/24/06 | Review file and documents; prepare for meeting with client; tel. conf. w/ V. Tersigni *mixed* | GHF | .50 | 0 |
| 10/24/06 | Attend metting w/ F. Burdell & P. Wojnar *mixed* | GHF | 1.00 | 0 |
| 10/25/06 | Review case file for status conference; review answers to Request for Admission | DJP | 1.00 | 1.00 |
| 10/26/06 | Review Court files; prepare for and attend status conference with Court | GHF | 1.25 (-.25) | 1.00 |
| 10/26/06 | Prepare for and attend Case Management Conference with Yellow; review files | DJP | 1.75 (-.25) | 1.50 |
| 10/31/06 | Review Order of Court; meet with DJP; review Amended Complaint and next actions | GHF | .25 | .25 |

| 10/31/06 | Review Court Order; meet with GHF; tel. conf. w/ F. Burdell | DJP | .50 | .50 |
|----------|-----------------------------------------------------------------|-----|-----|-----|

**Summary of Reasonable Fees**

| Timekeeper | Rate | Hours | Amount |
|------------|------|-------|--------|
| **George H. Faulkner** | **$200.00** | **2.50** | **$500.00** |
| **D. James Petroff** | **$175.00** | **18.75** | **$3,281.25** |
| **Total** | | **21.25** | **$3,781.25** |

**As set forth in the Union's fee application, the reasonable fees incurred by the Union as a result of the Rule 11 violations are $3,781.25.**

In addition to the above fees, the Union incurred further fees in the course of litigating the sanctions issue.  The supplemental fee application (Doc. No. 224-2) indicates that the Union incurred an additional $4,868.75.  That supplemental fee application is discussed below.

First, the Union may not collect attorneys' fees incurred as a result of counsels' choice to file unnecessary papers.  For this reason, and as discussed at the evidentiary hearing and in an Order issued by this Court on June 29, 2007 (Doc. No. 226), the Union may not collect fees for drafting the response to Mr. Freeman's objection this Court's Report and Recommendation on Plaintiff's improperly filed surreply or the motion to quash the *subpeona duces tecum*.

Further, the hours billed by counsel for the Union for time spent at the evidentiary hearing must be reduced, as the hearing was substantially and needlessly prolonged by Yellow Transportation's unwarranted interpretation of Judge Boyko's Order.  While this Court recognizes that the Union is not at fault, Mr. Freeman cannot be made to pay attorneys' fees incurred by one defendant as a direct result of another defendant's unreasonable actions.  Had it not been for the conduct of Yellow Transportation, in this Court's opinion, and based on the

-23-

testimony received and arguments made, the hearing would not have exceeded 3 hours.  As the Union and IBT share the same counsel, and the fee application reflects that the hours actually spent at the conference have been split in half, with one half applied to each defendant, the Union is entitled to attorneys' fees for 1.5 hours spent at the hearing by counsel George H. Faulkner, D. James Petroff, and Joseph C. Hoffman. With these adjustments, **the reasonable fees incurred by the Union, as set forth in its supplemental fee application are $2,906.25.**

As a result of the Rule 11 violations, the Union incurred $3,781.25 in attorneys' fees as set forth in its original fee application and $2,906.25 in attorneys' fees as set forth in its supplemental fee application.  **Therefore, the total amount of reasonable fees incurred by the Union as a result of the Rule 11 violations is $6,687.50.**  In Section III.C below, the Magistrate Judge will determine what portion of those reasonable fees may be awarded as sanctions in light of the factors set forth in *Jackson v. Law Firm.*  875 F.2d at 1229-30.

### 3.  Fee Application of IBT (Doc. No. 82)

The legal fees summary set forth in the original fee application of IBT was not challenged at the evidentiary hearing.  The majority of hours billed appear to be related to work on the matters discussed in Judge Boyko's Order.  (Doc. No. 82 at 14.)  Only two entries appear to describe billing for both work that is related to the Rule 11 violation and work that is not so related:  the second entry for October 24, 2006, for which Mr. Faulkner billed .50 hours and the third entry for October 31, 2006, for which Mr. Petroff billed 1 hour.  (*Id.*)  Because these entries are not sufficiently detailed, and there was no relevant testimony on the matter, the fees billed for these hours will not be reimbursed.  The following table sets forth the billing summary set forth at the conclusion of Mr. Faulkner's Fee Declaration (Doc. No. 82 at 15), with the hours

discussed above subtracted, and the resulting totals.[10]

**Summary of Reasonable Fees**

| Timekeeper | Rate | Hours | Amount |
|---|---|---|---|
| George H. Faulkner | $125.00 | 1.50 | $187.50 |
| D. James Petroff | $125.00 | 25.75 | $3,218.75 |
| Total | | 27.25 | $3,406.25 |

**As set forth in the original fee application, the reasonable fees incurred by IBT as a result of the Rule 11 violations are $3,406.25.**

In addition to the above fees, IBT incurred further fees in the course of litigating the sanctions issue.  The supplemental fee application (Doc. No. 224-3) indicates that IBT incurred an additional $4,162.50.  It appears that several items are not reasonable for reasons discussed at the evidentiary hearing.  IBT may not collect fees for drafting the response to Mr. Freeman's objection to the Report and Recommendation or the motion to quash the *subpoena*.  Further, as discussed in the analysis of the Union's supplemental fee application, IBT is entitled to attorneys' fees for only 1.5 hours spent at the hearing by counsel George H. Faulkner, D. James Petroff, and Joseph C. Hoffman.  **With these adjustments, the reasonable fees incurred by IBT, as set forth in its supplemental fee application, are $2,550.00.**

As a result of the Rule 11 violations, IBT incurred $3,406.25 in attorneys' fees as set forth in its original fee application and $2,550.00 in attorneys' fees as set forth in its supplemental fee application. **Therefore, the total amount of reasonable fees incurred by IBT**

---

[10]As the Court finds the vast majority of fees set forth in the declaration reasonable, with the exception of the two entries described above, there is no need to reproduce the entire legal fees summary set forth in Doc. No. 82 at 14.

-25-

**as a result of the Rule 11 violations is $5,956.25.**  In Section III.C below, the Magistrate Judge will determine what portion of those reasonable fees may be awarded as sanctions in light of the factors set forth in *Jackson v. Law Firm*.  875 F.2d at 1229-30.

## C.  Factors Under *Jackson v. Law Firm*

The total amount of reasonable fees incurred as a result of the Rule 11 violations and sought by the Union and IBT as set forth in their respective fee applications is $12,643.75.  As discussed above, this Court finds that Judge Boyko did not award Yellow Transportation any attorneys' fees under Rule 11 as Yellow Transportation did not move for Rule 11 sanctions. Before determining the appropriate and reasonable amount of attorneys' fees that should be awarded to the Union and IBT as sanctions against Mr. Freeman under Rule 11, this Court must consider the factors and principles announced by the Sixth Circuit in *Jackson v. Law Firm*:  (1) deterrence is the primary goal of Rule 11; (2) "because deterrence, not compensation is the principal goal," the Court should impose "the least severe sanction that is likely to deter"; (3) the duty to mitigate costs; and (4) counsel's ability to pay.  875 F.2d at 1229-30.

This Court first considers the duty to mitigate, the third factor.  The Court must consider whether the Union and IBT acted promptly and without unnecessary expense in responding to the Rule 11 violations.  Based on a review of the hours spent by the law firm on the motions and other work incurred as a result of the Rule 11 violations, it appears that the Union and IBT avoided unnecessary expense in responding.  Moreover, counsel acted sufficiently promptly. Therefore, the third factor does not call for a reduction of the fees sought by the Union and IBT.

As the first and second factors are directly related, they are considered together.  The primary purpose for sanctions under Rule 11 is deterrence.  Rule 11(c)(2) provides that

imposition of sanctions "for a violation of [Rule 11] shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." *Id.*  The Sixth Circuit requires the Court to impose "the least severe sanction that is likely to deter."  875 F.2d at 1229-30.  Under this standard, this Court believes an award of $12,643.75 is excessive because it is more than the least severe sanction sufficient to deter Mr. Freeman and others similarly situated from repeating the course of conduct for which Mr. Freeman has been sanctioned.  **This Court finds that the least amount sufficient to deter Mr. Freeman and others similarly situated is $10,000.00.**

The fourth factor is Mr. Freeman's ability to pay the monetary sanction.  The Magistrate Judge has no reason to question Mr. Freeman's ability to pay a monetary sanction of $10,000.00.  Mr. Freeman was given more than one opportunity to inform the Court of his financial status or his ability or inability to pay monetary sanctions.  He failed to address the issue in his brief and at the evidentiary hearing.  Accordingly, consideration of this factor does not reduce the award.

Therefore, consistent with the above findings, as a Rule 11 sanction, Mr. Freeman should pay a **total of  $10,000.00** in attorneys' fees to the Union and IBT.  **$5,000.00 should be paid to the Union** and **$5,000.00 should be paid to IBT.**

## IV.  CONCLUSION

For the foregoing reasons, as a Rule 11 sanction, Mr. Freeman should pay a total of $10,000.00 in attorneys' fees to the Union and IBT.  $5,000.00 should be paid to the Union and $5,000.00 should be paid to IBT.  Yellow Transportation is not entitled to attorneys' fees under Rule 11.  However, pursuant to Rule 37(a)(4)(A),  Mr. Freeman should pay $3,414.50 in attorneys' fees to Yellow Transportation.

                                        *s/ Nancy A. Vecchiarelli*
                                        NANCY A. VECCHIARELLI
                                        U.S. MAGISTRATE JUDGE


DATE:  July 13, 2007

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

-28-